United States District Court
Southern District of Texas
**ENTERED**
December 21, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MARCUS HERNANDEZ, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:19-CV-00265 |
| | § | |
| TEXAS FARMERS INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Marcus Hernandez brings this breach of contract lawsuit against Texas Farmers Insurance Company ("Texas Farmers") for the company's alleged failure to pay him the full amount of property loss damages he suffered as a result of flooding from Hurricane Harvey. Texas Farmers has filed a Motion for Summary Judgment (Dkt. 30), arguing that Hernandez waited too long to file his lawsuit. Because Hernandez failed to file suit within one year of the written denial of his flood loss claim as required by federal law, his claim is time-barred. Summary judgment is proper, and this case should be dismissed.

### THE NATIONAL FLOOD INSURANCE PROGRAM

"Recognizing that it is uneconomical for private insurance companies to provide flood insurance with reasonable terms and conditions to those in flood-prone areas, Congress in 1968 enacted the National Flood Insurance Act." *Ibarra v. Texas Farmers Ins. Co.*, No. 3:18-cv-00358, 2020 WL 359903, at *1 (S.D. Tex. Jan. 22, 2020) (citing 42

1

U.S.C. § 4001 *et seq*.). This federal law created the National Flood Insurance Program, which permits private insurers, such as Texas Farmers, to issue and administer flood insurance policies on behalf of the federal government. *See Cohen v. Allstate Ins. Co.*, 924 F.3d 776, 778 (5th Cir. 2019). These policies, known as a Standard Flood Insurance Policy ("SFIP"), contain standard terms and conditions that cannot be altered or varied without the express written consent of the government. *See Ekhlassi v. Nat'l Lloyd's Ins. Co.*, 926 F.3d 130, 135 (5th Cir. 2019). The private insurers issuing a SFIP are referred to as Write-Your-Own ("WYO") carriers. *See Cohen*, 924 F.3d at 778.

Under the current framework, the federal government underwrites the SFIP and WYO carriers perform significant administrative functions, including "arrang[ing] for the adjustment, settlement, payment[,] and defense of all claims arising from the policies." *Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341, 342 (5th Cir. 2005). Although WYO carriers play a large role, the claims are ultimately paid from the U.S. Treasury. *See Cohen*, 924 F.3d at 778. For that reason, WYO carriers are referred to as "fiscal, not general, agents of the United States." *Ekhlassi*, 926 F.3d at 135.

Because federal funds are at issue, individuals seeking to collect monies under the SFIP "must comply strictly with the terms and conditions that Congress has established for payment." *Cohen*, 924 F.3d at 780 (quotation omitted). *See also Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998) ("[T]he provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced.").

## FACTUAL BACKGROUND

Hernandez insured his home in San Leon, Texas, through a SFIP purchased from Texas Farmers, a WYO carrier. As many in the Houston region are well aware, Hurricane Harvey brought an unimaginable amount of rainfall to the area in August 2017. As a result of that once-in-a-lifetime event, Hernandez's property sustained damage from flooding.

On October 9, 2017, Hernandez notified Texas Farmers that his property had suffered a flood-related loss. Texas Farmers acknowledged the flood claim and assigned the loss to an independent adjuster. The independent adjuster, with input from an engineer, ultimately determined that the SFIP covered and payable damages totaled $3,928.45 for the building. On February 4, 2018, Texas Farmers sent a letter to Hernandez containing a check for that amount. The letter advised Hernandez that the covered and payable portion of his claim was $3,928.45 and informed him that Texas Farmers was denying the remainder of the flood claim, including alleged damages to the jacuzzi, bulkhead, deck, and deck footings.

Hernandez filed this lawsuit in federal court on August 8, 2019, roughly a year-and-a-half after he received the February 14, 2018, denial letter from Texas Farmers.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment is proper if "there is no genuine issue of material fact." FED. R. CIV. P. 56(c). A genuine issue of material fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In

deciding whether a fact issue exists, I must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *See Arnold v. Williams*, 979 F.3d 262, 265 n.1 (5th Cir. 2020).

Hernandez has not responded to the motion for summary judgment. According to the local rules, any failure to respond to a motion is taken as a representation of no opposition. *See* S.D. TEX. R. 7.4. Notwithstanding Hernandez's failure to respond, summary judgment may not be awarded by default, even if failure to respond violates a local rule. *See Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). I must make an independent analysis as to whether summary judgment is proper.

## HERNANDEZ DID NOT TIMELY FILE HIS LAWSUIT

As a condition precedent to filing suit on a SFIP claim, an insured must file a sworn Proof of Loss containing certain detailed information about the alleged loss. *See Forman v. Fed. Emergency Mgmt. Agency*, 138 F.3d 543, 545–46 (5th Cir. 1998). The SFIP, the National Flood Insurance Act, and its implementing regulations all contain a one-year statute of limitations, providing that an insured must file suit in federal district court within one year from the written denial of all or part of the insurance claim. Article VII(R) of the SFIP states:

> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, **you must start the suit within 1 year after the date of written denial of all or part of the claim**, and you must file the suit in the United States District Court of the district in which the covered property was located at the time of loss. This requirement applies to any claim that you may have under this policy

> and to any dispute that you may have arising out of the handling of any claim under this policy.

Dkt 30-3 at 22–23 (emphasis added).[1]  This provision tracks the statute governing the National Flood Insurance Program, which provides that an individual suing to recover money under a SFIP must institute a lawsuit "within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator [of the Federal Emergency Management Agency]." 42 U.S.C. § 4072.

The undisputed facts in this case plainly demonstrate that Hernandez did not timely file his lawsuit.  Texas Farmers sent a partial claim denial letter on February 4, 2018, triggering the one-year statute of limitations.  Hernandez had until February 4, 2019, to institute his lawsuit against Texas Farmers in federal court.  For some unknown reason, he did not file suit until August 8, 2019, roughly six months *after* the statute of limitations expired.  As a result, Hernandez's claim is barred by the statute of limitations.  *See Cohen*, 924 F.3d at 782 (affirming summary judgment on limitations under Article VII(R) of the SFIP and 42 U.S.C. § 4072 where the insured filed suit nearly thirteen months after receiving a denial letter); *Chatelain v. U.S. Dep't of Homeland Sec.*, No. 18-7242, 2019 WL 3345709, at *5 (E.D. La. July 25, 2019) (granting summary judgment on the one-year statute of limitations set forth in Article VII(R) of the SFIP and 42 U.S.C. § 4072 because plaintiff's "August 1, 2018 lawsuit was filed more than 20 months after FEMA sent the November 28, 2016 partial denial letter").

---

[1] The SFIP is a published codified federal regulation located at 44 C.F.R. Pt. 61, App. A(1).

## CONCLUSION

For the reasons identified above, I **RECOMMEND** that the Motion for Summary Judgment (Dkt. 30) filed by Texas Farmers be **GRANTED**, and this case dismissed.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 21st day of December 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE